332 P.2d 980

**STATE of Utah, Plaintiff and Respondent,**

v.

**Christos N. PROKOPIOU, Defendant and Appellant.**

No. 8905.

Supreme Court of Utah.

Dec. 22, 1958.

L. G. Bingham, Ogden, for appellant.

E. R. Callister, Jr., Atty. Gen., Wallace B. Kelly, Asst. Atty. Gen., for respondent.

WORTHEN, Justice.

Appeal from a verdict finding defendant guilty of second degree arson. On November 14, 1957, a fire occurred in a cafe or coffee shop operated by defendant, who was purchasing the building and equipment. In our opinion there is substantial evidence to sustain the jury's verdict, and a detailed recital of the evidence would serve no useful purpose. Defendant asserts certain errors concerning the exclusion of evidence.

The first of these concerns the refusal of the trial court to receive into evidence a photograph of the burned interior of the coffee shop showing certain electrical circuits and connections. The court apparently felt that no sufficient foundation had been laid for the admission of the photograph. Appellant urges that the exhibit had been identified by a witness as a substantially correct representation of the electrical items and was therefore admissible. He also contends that it was necessary to properly present appellant's contentions that the fire was caused not by external application of incendiary devices but by defects within the electrical system. We are of the opinion that the exhibit should have been received. However, two or three other photographs which quite fully present the conditions shown by the excluded photograph were received, and we are of the opinion that the evidence offered was merely cumulative and that the exclusion thereof was not prejudicial.

Appellant also assigns error in the court's refusal to receive into evidence certain portions of a tape recording taken by appellant's counsel at the preliminary

hearing. The evidence was offered to impeach the testimony of one of the witnesses for the state. The court refused to allow the tape into evidence upon the ground that it was not proper evidence and on the further ground that the court reporter could not accurately reproduce what it said.

The portion of the record sought to be introduced was in contradiction of the state's witness's claim that he had related a conversation with defendant to an agent of the F.B.I. The state's witness involved freely admitted upon examination by defendant's counsel that he had testified at the preliminary hearing that he had not related the conversation to the police, but he distinguished between the term police and the F.B.I. upon further examination. In view of the admission concerning his previous testimony, in our opinion nothing further would be gained from the admission of the tape itself and we cannot perceive any prejudice resulting from its exclusion. In addition the question of clarity of a tape recording for purposes of evidence is a matter addressed largely to the discretion of the trial court and we are of the opinion that this discretion was not abused in this case.

Judgment affirmed.

Before McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.